NAPOLEON BELLANGER, Appellant, v. ECONOMY ENGINEERING COMPANY, Defendant, and THE LIBERTY MUTUAL INSURANCE COMPANY, Impleaded as a Defendant, Respondents.— Appeal from an order of the Supreme Court, Saratoga county, dismissing the plaintiff's complaint on the pleadings as to both defendants, the motion therefor having been made at a Trial Term of said court when the action was reached for trial therein. The complaint alleges that plaintiff was injured while operating a lifter used for elevating heavy loads, said lifter having been manufactured by the defendant engineering company, and that the injury was caused through the negligence of the said company in that the brakes, gears and controls upon the machine were defective and in that the cable and sheave upon the lifter were left unguarded. The complaint further alleges that the defendant insurance company " has heretofore claimed some rights to the assignment or subrogation of this action;" that any such rights of the insurance company have been abandoned and that such insurance company has been made a defendant after its refusal to join with plaintiff as a party plaintiff. The complaint thus states a cause of action but by the answers of the respective defendants it is alleged that plaintiff's injuries arose out of and in the course of his employment by the United Paper Board Company; that the defendant insurance company was the insurer of said employer and has paid to the plaintiff an award of compensation, made under the Workmen's Compensation Law for said injury and that thereby said insurance company became subrogated to any rights which the plaintiff

herein might have had against the defendant engineering company by reason of said injuries. By section 243 of the Civil Practice Act new matter contained in a defense is deemed to be denied. The brief of the plaintiff herein discusses the facts alleged in the answers of the defendant and asserts, in substance, that upon those facts, in connection with the facts alleged in the complaint, a cause of action is stated. No claim is made that the facts alleged in the answers are untrue; plaintiff's counsel treats them as true. For the purpose of this motion it is deemed that plaintiff admits them. The court had authority to render judgment on the pleadings or the admissions of the parties under section 476 of the Civil Practice Act. The plaintiff in effect having admitted the facts alleged in the answer, these facts were properly considered by the court in determining a motion to dismiss the complaint upon the ground that it does not set forth a cause of action. When plaintiff accepted and retained the award for compensation his cause of action against the defendant engineering company passed by operation of law to the insurance carrier paying the award (Workmen's Comp. Law, § 29), and plaintiff, therefore, had no rights therein. Order unanimously affirmed, with one bill of costs to the respondents. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.